UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Arlander Wilson,<br><br>                    Plaintiff,<br><br>    -against-<br><br>The City of New York; Lonnie Brown, in his individual capacity; John Does 1 through 3, each in his individual capacity,<br><br>                    Defendants. | ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>13 Civ. 1379 (ALC) (JCF) |

**PRELIMINARY STATEMENT**

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

**JURISDICTION**

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a).

**VENUE**

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

**JURY DEMAND**

5. The Plaintiff demands a trial by jury on each and every one of his claims as pled

herein.

## PARTIES

6. Plaintiff ALRANDER WILSON is a resident of New York City.

7. Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9. At all relevant times herein, defendants LONNIE BROWN and JOHN DOES 1 THROUGH 3 (collectively, the "Individual Defendants") were police officers employed by the NYPD and each was acting in the capacity of agent, servant, and employee of the City.

10. At the time of the arrest Defendant Lonnie Brown held the rank of Police Officer.

11. The Plaintiff is unable to determine the actual names of John Does 1 through 3 at this time and thus sues him under a fictitious name.

12. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance

of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

13.     The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

14.     In the early morning of May 9, 2012, Plaintiff Arlander Wilson was walking northbound on St. Nicholas Avenue near the corner of West 112th Street in Manhattan.

15.     An unmarked police car approached Mr. Wilson. Defendant Officer Brown, John Doe 1 and John Doe 2 got out of the car and confronted Mr. Wilson. Officer Brown asked Mr. Wilson if he had "anything on [him]." Mr. Wilson said he did not, but that notwithstanding Officer Brown and John Doe 1 frisked Mr. Wilson on the street. They did not find anything illegal on Mr. Wilson's person.

16.     John Doe 2, then told Mr. Wilson that they would have to take him to the precinct to strip search him, stating, in effect, that there was a new law that authorized them to strip search people at the precinct.

17.     Mr. Wilson was handcuffed behind his back, placed in the back of the police car and driven to the parking lot of the 28th Precinct.

18.     Mr. Wilson was then taken from unmarked police car and placed in a marked prisoner van. He was driven by John Doe 3 to the vicinity of 114th and Manhattan Avenue.

19.     Mr. Wilson asked John Doe 3 what he was being arrested for and John Doe 3 replied that he did not know.

20. After a short period of time, John Doe 3 received a call on his cellular telephone, following which he drove Mr. Mr. Wilson back to the 28th Precinct.

21. At the 28th Precinct, Mr. Wilson was brought to a holding cell. There, Officer Brown and John Doe 1 and 2 conducted a strip search and visual body cavity search in which they ordered Mr. Wilson to strip naked, lift his genitals, squat, separate his buttocks and cough, an bend over. Feeling he had no choice, Mr. Wilson complied with the defendant officers' orders, Mr. Wilson complied with the search.

22. The officers did not find anything illegal on Mr. Wilson's person.

23. This notwithstanding, the officers placed Mr. Wilson in another holding cell, where he waiting until approximately 4:30 PM, when he was given a desk appearance ticket (the "DAT").

24. As directed on the DAT, Mr. Wilson appeared in the Criminal Court of the City of New York, County of New York, on June 19, 2012, where he was arraigned on a misdemeanor complaint filed under docket number 2012NY043336 (the "Misdemeanor Complaint") charging him with one count of Criminal Possession of a Controlled Substance in the Seventh Degree under New York Penal Law § 220.03.

25. The Misdemeanor Complaint was sworn out by Officer Brown, who stated that he "recovered crack/cocaine from from [*sic*] the ground where [he] observed defendant [Arlander Wilson] throw it."

26. After three additional court appearances, the New York County District Attorney's office moved to dismiss Mr. Wilson's case on speedy trial grounds.

27. The motion was granted and the matter was dismissed and sealed.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants

28. All other paragraphs herein are incorporated by reference as though fully set forth.

29. By arresting and detaining the Plaintiff, the Individual Defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to, *inter alia*, be free from unreasonable searches and seizures, false arrest and imprisonment.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

30. All other paragraphs herein are incorporated by reference as though fully set forth.

31. Municipal liability for the violations of the Plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

32. At all times material to this Complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

33. At all times material to this Complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

### THIRD CAUSE OF ACTION
### Pendant State Law Claim
### for False Arrest

34. All other paragraphs herein are incorporated by reference as though fully set forth.

35. By the actions described above, the Individual Defendants, jointly and severally, violated the Plaintiff's rights under New York law to be free from false arrest and imprisonment, as a direct and proximate result of which the Plaintiff suffered the loss of physical liberty.

WHEREFORE, the Plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to the Plaintiff against the defendants, jointly and severally;

3. Award the Plaintiff reasonable costs, disbursements and attorney's fees; and

4. Grant any other relief the court deems appropriate.

Dated: New York, New York
       February 27, 2013

                                          Respectfully submitted,
                                          Darius Wadia, L.L.C.


                                          /s/
                                          _____
                                          By: Darius Wadia (Bar number DW8679)
                                          Attorney for the Plaintiff
                                          233 Broadway, Suite 2208
                                          New York, New York  10279
                                          dwadia@wadialaw.com